The Honorable B.G. Hendrix, Speaker House of Representatives State Capitol Little Rock, AR 72201
Dear Speaker Hendrix:
You have requested an opinion concerning H.B. 1130 of the First Extraordinary Session of 1989 and a proposed amendment by Representative Mahony, a copy of which is attached to this opinion. Under this proposed bill, a portion of the one percent (1%) tax levied pursuant to a 1983 amendment to the Gross Receipts Tax, would be deposited immediately upon receipt by the Director of the Department of Finance and Administration, in the Revenue Holding Fund Account until he and the State Treasurer determine that total amount appropriated each fiscal year from a specially created separate fund, the Court-Ordered Desegregation Fund and this amount if certified as special revenues from such gross receipts taxes. Then, as the State Treasurer shall transfer the funds certified as special revenues from the Revenue Holding Fund Account to the Court-Ordered Desegregation Trust Fund to be utilized for payment of the State's share of legal fees and costs in a desegregation lawsuit concerning the Little Rock School District, the North Little Rock School District, and the Pulaski County School District.
As you note, in the recent case of Fisher v. Perroni, ___ Ark. ___ (Opinion delivered June 19, 1989), the Arkansas Supreme Court quoted Article 5, Section 39 of the Arkansas Constitution which states:
 Excepting monies raised or collected for educational purposes . . . the General Assembly is hereby prohibited from appropriating or expending more than the sum of Two and One-Half Million Dollars for all purposes, for any biennial period; provided the limit herein fixed may be exceeded by the votes of three-fourths of the members elected to each House of the General Assembly.
In Fisher, the Court then held that Act 43 of 1989, the General Appropriation Bill of the 1989 General Assembly, was unconstitutional because it did not pass by the three-fourths vote required.
Pursuant to this recent Supreme Court ruling and a previous case on which it relied, Humphrey v. Garrett, 218 Ark. 418, 236 S.W.2d 569
(1951), you specifically ask whether:
 [G]iven the designation of a portion of the revenue collected annually from the sales tax enacted in 1983 as special revenue for education, can H.B. 1130, with the proposed amendment, be lawfully passed by the vote of a simple majority of the members of each house of the General Assembly?
It is my opinion that the answer to this question is "yes" for the following reasons.
The amount of monies to be appropriated under H.B. 1130 clearly are designated to go into a separate fund; namely the Revenue Holding Fund Account, from which the monies will be transferred directly into another separate fund, the Court-Ordered Desegregation Trust Fund Account. These monies will thus, never be integrated with other general revenues and are indeed designated as special revenues by the proposed legislation.
In Humphrey, the Supreme Court held that funds coming into the general revenue account, while available for any lawful use, were not "raised or collected for any educational purpose" and therefore, a three-fourths vote on the bill at issue had been constitutionally necessary, as more than $2.5 million dollars had been appropriated in that legislative session.
Under H.B. 1130, the funds going to the Court-Ordered Desegregation Fund never go to general revenues, but retain their character as funds for educational purposes from the moment they are collected by the State of Arkansas. They are "ear-marked" for educational purposes from the point of collection.
Article 5, Section 39 only requires a three-fourths vote of the members of both houses if monies are not "raised" or "collected" for educational purposes. The monies collected pursuant to H.B. 1130 are "collected" for educational purposes and thus, the restrictions of Art. 5, Sec. 39 do not apply to the vote by the General Assembly thereon.
The foregoing opinion, which I hereby approve, was prepared by Solicitor General R.B. Friedlander.